IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>         v.<br><br>SERGIO GALINDO MARTINEZ,<br><br>                              Defendant. | CASE NO. 1:03-CR-05373 LJO<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court hereby denies the motion.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. Additionally, the Commission voted to make Amendment 782 retroactive.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE                                    1

of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the final Presentence Report recommended an offense level of 34 pursuant to USSG § 4B1.1, as the defendant was a career offender (due to two prior drug trafficking offenses).  As the career offender guidelines controlled defendant's sentence, and they were unaffected by the recent drug guideline amendment, he does not qualify for a reduction based on his original base offense score. The Ninth Circuit has addressed the career offender scenario with regard to a retroactive amendment to the crack guideline, and held that relief was unavailable for this reason. *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). Where a defendant is a career offender, he is not sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission."

In addition, Section 1B1.10(b)(2)(A) provides that (except where a defendant received a reduction based on substantial assistance to the government), the court shall not reduce the defendant's term of imprisonment under Section 3582(c)(2) to a term that is less than the minimum under the amended guideline range.

Disregarding the defendant's status as a career offender, the Court used an adjusted offense level of 33 and a CHC of V, resulting in a sentencing range of 210 to 262 months. After reducing two level levels, the amended offense level is reduced to 31 and the new range is 168 to 210 months. Since the defendant has already been sentenced to a term of 168 months, the Court is without authority to reduce the sentence further.

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   **June 22, 2015**              **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE    2